STATE use of CHARLES C. STOCKLEY, Administrator of LEVIN CONNOWAY deceased, *v.* NATHANIEL CONNOWAY and LEVIN D. VAUGHAN.

If either party sues, or is sued as an executor, or administrator, and there are mutual debts between the testator, or intestate and the other party, one debt may be set off against the other.

An heir at law and distributee of the personal estate of a deceased person, is not a competent witness without release, for his administrator in an action to recover a share due the deceased on a recognizance in the Orphans' Court.

As between brothers, or near relations, the law will not imply a contract, or promise on either part to pay for support and maintenance, on the one side, or for work and labor on the other; and without proof of an express contract, or promise to pay in such a case, no action of assumpsit can be maintained by the one against the other.

ACTION of *Scire Facias Sur* Recognizance in the Orphans' Court for the one seventh share or part of $2043 09. Pleas, *Nul tiel* record, payment, set-off and accord and satisfaction.

Levin Connoway deceased, was one of the seven children and heirs at law of Noble Connoway deceased, who died intestate and whose real estate was accepted on appraisement in the Orphans' Court by Nathaniel Connoway, one of the heirs, who entered into recognizance with

Levin D. Vaughan as surety, to pay the other heirs their respective shares of the appraisement. The only defence relied on was the plea of set-off. The evidence in the case was that Levin Connoway was an imbecile, and incapable of taking care of and maintaining himself, and had lived for several years with his brother Nathaniel Connoway, the defendant, whose counsel was proceeding to prove the subject matter of his plea of set-off for clothing, support and maintenance of the decedent during that time.

*Robinson*, for the plaintiff, objected to the evidence and raised the question whether in this action, which was by an administrator, and whose legal duty and obligation bound him to collect the debts of his decedent, and when collected, to administer them according to law, that was to say, to apply them to the claims against him in the order and according to the grade and priority prescribed by the statute, any evidence in support of the set-off, or any set-off, was admissible.

*Moore*, for the defendants : The claim and counter claim in this case were mutual debts. The defendant was sued by the administrator of Levin Connoway deceased, for a debt due to the deceased, and the plea of set-off was for a debt due from the deceased to the defendant. They were therefore strictly mutual debts or demands against each other. Besides, the statute, *Sec. 22, Rev. Code* 300 provided for a plea of set-off in just such a case as this was.

*Gilpin, Ch. J. :* The section referred to expressly provides that if either party sues, or is sued as an executor or administrator, and there are mutual debts between his testator, or intestate, and the other party, one debt may be set-off against the other; and this disposes of the objection.

*Houston, J. :* The debts are mutual, and even under the preceding section of the statute, which provides for setting off mutual debts due in the same right, the plea would perhaps be admissible. But the legislature has not left the question to depend on that provision, but has expressly provided for the case in the succeeding section. The plaintiff however, has traversed the plea of set-off in this case and taken issue upon it. If the objection now taken to it, were a sound one, on the ground suggested, he should not have taken issue upon it, but should have demurred to it.

The defendant then proved the set-off, and the plantiff in reply called one of the heirs at law and distributees of the personal estate of the decedent, Levin Connoway, to disprove the charges which were the subject of set-off who was objected to by the defendant as an incompetent witness, because of the interest which he had, as such, in the event of the suit. *The Court* sustained the objection and excluded the testimony of the witness.

The witness then executed a release to the administrator of his right and interest in the property and estate of the decedent, and was sworn and testified that during the time the decedent was an inmate in the family of the defendant, Nathaniel Connoway, he performed work and labor for him equal in value to the trouble and expense of his support and maintenance.

*The Court, Gilpin, Ch. J.*, charged the jury, that in an ordinary case the claim of set-off for board and clothing pleaded in this instance, would be a good defence to the action, to the extent of the value of them proved under the plea, and in that event, it would be material for the jury to consider what would be the value of the service, or work and labor performed by the decedent for the defendent during the time he lived with him. But Levin Connoway the decedent, and Nathaniel Connoway the defendant, or one of the defendants, the other being his surety simply in the recognizance, were proved to have

been brothers, and as this court had repeatedly recognized the principle, that as between persons standing in that relation to each other, or as between near relations, the law will not imply a contract, or promise on the part of the former to pay the latter for his board and clothing, or on the part of the latter to pay the former for his work and labor, during the time the former had lived with the latter, and as no action of assumpsit could have been maintained for either demand by the one against the other, without proof of an express contract, or promise to pay for them, and no such evidence had been adduced in this case, the plea of set-off could not be allowed, or considered by the jury, and their verdict must therefore be for the plaintiff.